Laurence F. Padway (SBN 083914)
Gayle Godfrey Codiga (SBN 114715)
LAW OFFICES OF LAURENCE F. PADWAY
1516 Oak Street, Suite 109
Alameda, CA 94501
Telephone:  (510) 814-6100
Facsimile:  (510) 814-0650

Attorneys for Plaintiff

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE A. LEWANDOWSKI, MD, | CASE NO. C08-00874 |
| Plaintiff, | COMPLAINT FOR BUSINESS OVERHEAD EXPENSE DUE TO DISABILITY |
| v. | |
| STANDARD INSURANCE COMPANY, | |
| Defendant, | |

Comes now plaintiff alleging of defendant as follows:

**Jurisdiction**

1. This suit seeks review of a failure to extend benefits under a business overhead expense insurance policy due to disability which is not subject to ERISA, 28 U.S.C. 1132. Federal diversity jurisdiction arises under 28 U.S.C. 1332(a).

**Facts**

2. Plaintiff is a beneficiary of a business overhead expense insurance policy due to disability. The plan is not subject to the Employee Retirement Income Security Act of 1974 because it is an individual plan. Plaintiff's residence is in California and is diverse to Standard

COMPLAINT                                        1

1  Insurance Company.

2

3  3. Defendant Standard Insurance Company is an insurance company and
4  corporation organized under the laws of the Oregon, with its principal place of business in
5  Oregon.

6

7  4. Defendant Standard Insurance Company issued a Business Overhead Expense
8  insurance policy to Plaintiff Marie A. Lewandowski, MD on March 7, 1997. The policy number
9  is C743776. The insurance policy provides for up to $5,000 per month reimbursement of office
10  overhead expense during periods of disability, up to a maximum benefit of $120,000.

11

12  5. On or about July 28, 2005 Dr. Lewandowski was injured in a motor vehicle
13  accident. She became disabled and unable to practice medicine.

14

15  6. Defendant paid benefits of approximately $20,000 to Dr. Lewandowski under a
16  reservation of rights from October 27, 2005 to February 28, 2006.

17

18  7. Defendant Standard Insurance Company terminated benefits, notwithstanding that
19  Dr. Lewandowski remained disabled. Overhead expense benefits remain payable at the rate of
20  approximately $5,000 monthly until Dr. Lewandowski recovers from her injuries, or until
21  $120,000 has been paid to her from the Defendant. The insurance policy limits the maximum
22  recovery by Plaintiff to $120,000.

23

24  8. The termination of benefits was made without any change in Dr. Lewandowski's
25  medical condition or abilities, and without any change in her overhead expenses, and it was done
26  in bad faith.

27

28  9. These general allegations are incorporated into each claim for relief below.

**First Claim for Relief - Bad Faith**

10. Defendant Standard Insurance Company undertook to insure Dr. Lewandowski against overhead liability disability insurance policy and the associated financial calamity.

11. Defendant Standard Insurance company acted in bad faith in connection with the termination of benefits, and failure to pay full benefits to Dr. Lewandowski because, inter alia:

   a. Defendant "cherry picked" the medical evidence, utilizing those parts which supported termination of benefits while ignoring other parts, instead of considering the information as a whole;

   b. Defendant rejected the opinions of the treating physicians and simply continued seeking additional medical opinions until it found one which was satisfactory to its position.

   c. Defendant failed to consider what Dr. Lewandowski said about her conditions and failed to consider what she had to say as a physician and family practitioner.

   d. Defendant paid under a reservation of rights and then decided months later that plaintiff was not disabled.

   e. Defendant called in question Dr. Lewandowski's professionalism by stating that "Dr Lewandowski's perception of impairment is out of proportion to the physical examination findings, the objective test findings, the observations of her physicians, and her demonstrated functional abilities to perform the substantial and material duties of "Her Regular Occupation."

12. The acts of defendant was and is in bad faith, and was and is being done fraudulently, maliciously and oppressively, with the knowledge that their acts are substantially

1  certain to injure, vex, annoy and harass Dr. Lewandowski and with conscious disregard of her
2  rights.

4      13. As a proximate result of the foregoing, Dr. Lewandwoski has been damaged as
5  set forth below.

## Second Claim for Relief -
## Intentional Infliction of Emotion Distress

10      14. The actions of defendant, set forth in 1-13 above was and is extreme and
11  outrageous, and was and is known by it to be substantially certain to cause Dr. Lewandowski
12  great emotional distress. In particular, defendant abused Dr. Lewandowski's rights under the
13  policy by paying her under a reservation of rights and then changing its position on disability
14  without a change in Dr. Lewandowski's medical condition, by continuing to gather information
15  and then hiring a defense medical consultant to decide she was not disabled. After still more
16  information was given the defense medical consultant he continued to state she was not disabled.
17  Defendant was well aware that Dr. Lewandowski relied upon defendant for her financial security
18  and well-being, and that the arbitrary termination of benefits would cause her great emotional
19  distress.

21      15. These acts all were intended to and did cause Dr. Lewandowski grave financial
22  and emotional distress, and they were all a part of a corporate plan of Standard Insurance
23  Company to wrongfully deny benefits to its insured's, in order not to pay benefits owed under the
24  policy.

26      16. The actions of the defendant in terminating disability payments to
27  Dr. Lewandowski was known by it to be substantially certain to vex, injure, harass, and annoy
28  Dr. Lewandowski and was known by defendant to violate her rights.

COMPLAINT                                                                   4

17. The actions of defendant have been and are causing Dr. Lewandowski great emotional and financial distress, not only by rendering her unable to pay her bills in timely fashion, but because the actions of the defendants have aggravated the financial stress and loss of security attendant to her already existing disability and thereby impaired her ability to recover from her disability.

18. As a proximate result thereof, Dr. Lewandowski has been damaged as set forth below.

### Third Claim for Relief - Breach of Contract

19. By its actions, defendant Standard Insurance Company breached the policy by failing to pay benefits due thereunder, and failing to process claims properly under the policy.

20. Dr. Lewandowski performed all of her obligations under the policy.

21. As a proximate result of the foregoing, Dr Lewandowski has been damaged as set forth below.

### Damages

22. Dr. Lewandowsk has been damaged by loss of benefits due under the policy from July 29, 2005 a total of $5,000 per month until a total of $120,000 has been paid by defendant to plaintiff..

23. Dr. Lewandowski has suffered general damages including loss of financial security, embarrassment and humiliation, and emotional distress, in an amount to be proven at trial, but estimated at $500,000.

COMPLAINT                                             5

24. Dr. Lewandowski has been forced to retain counsel and incur fees and court costs in order to secure the benefits owed to her, in an amount not now known with certainty but to be proved at trial and estimated at $250,000. through trial.

25. Because the acts of defendants were authorized and ratified by their management, and the conduct of defendants was fraudulent, malicious and oppressive, Dr. Lewandowski is entitled to exemplary damages according to proof and estimated at $1 million.

26. Dr. Lewandowski is entitled to prejudgment interest according to proof on all sums owed at the rate of 10 per cent per annum or according to proof.

Wherefore, Dr. Lewandowski prays for relief as follows:

1. For benefits owed of approximately $120,000 or according to proof;

2. For general damages according to proof or in the sum of $500,000;

3. For exemplary damages according to proof or in the sum of $1,000,000.;

4. For prejudgment interest according to proof;

//
//
//
//
//
//
//

COMPLAINT                                                6

5. For costs of suit and attorneys fees herein incurred according to proof or in the sum of $250,000; and

6. For such other and further relief as the court deems just and proper.

Dated: February 7, 2008

_Gayle Godfrey Codiga_
Gayle Godfrey Codiga
Attorney for Plaintiff

COMPLAINT                               7

%JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Marie A. Lewandowski, MD

## DEFENDANTS
Standard Insurance Company

(b) County of Residence of First Listed Plaintiff  Marin County, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Multnomah County, OR
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Law Offices of Laurence F. Padway
Laurence Padway (SBN 083914)
Gayle Codiga (SBN 114715)
1516 Oak Street, Suite 109, Alameda, CA 94501, 510-814-6100

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff (For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [x] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability |  | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability |  |  | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise |  | PRISONER PETITIONS | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS |  | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 791 Empl. Ret. Inc. Security Act |  | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General |  | FEDERAL TAX SUITS | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | IMMIGRATION | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities – Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus -- Alien Detainee |  |  |
|  |  |  | [ ] 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332(a)
Brief description of cause:
Defendant acted in bad faith in connection with the termination of benefits

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
[x] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE

DATE: February 7, 2008

SIGNATURE OF ATTORNEY OF RECORD: *Gayle Godfrey Codiga*

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**   Example:   U.S. Civil Statute: 47 USC 553
  Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.
**Date and Attorney Signature.** Date and sign the civil cover sheet.