Shawn Hanson (State Bar No. 109321)
shanson@jonesday.com
Katherine S. Ritchey (State Bar No. 178409)
ksritchey@jonesday.com
Amanda M. Ose (State Bar No. 251757)
aose@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:    (415) 626-3939
Facsimile:    (415) 875-5700

Attorneys for Defendant
STANDARD INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE A. LEWANDOWSKI,<br><br>                    Plaintiff,<br><br>v.<br><br>STANDARD INSURANCE COMPANY<br><br>                    Defendant. | **Case No: C08-00874 EDL**<br><br>**DEFENDANT STANDARD INSURANCE COMPANY'S ANSWER AND DEFENSES TO PLAINTIFF LEWANDOWSKI'S COMPLAINT** |

## ANSWER AND DEFENSES

Defendant Standard Insurance Company ("Standard") answers the Complaint of Marie Lewandowski as follows:

1. In response to paragraph 1 of the Complaint, Standard avers that the Court has jurisdiction.  Other than as averred, Standard denies each and every allegation in paragraph 1.

2. In response to paragraph 2 of the Complaint, Standard avers that plaintiff is covered under Policy No. C743776 and can bring her claim in this Court.  Standard avers that the parties are diverse.  Other than as averred, Standard denies each and every allegation in paragraph 2.

3. In response to paragraph 3 of the Complaint, Standard admits the allegations in Paragraph 3.

4.  In response to paragraph 4 of the Complaint, Standard avers that it issued a Business Overhead Expense insurance policy to Marie A. Lewandowski, Policy No. C743776 ("Policy") effective March 6, 1997.  Standard avers that the terms of the Policy speak for themselves.  Other than as averred, Standard denies each and every allegation in paragraph 4.

5.  In response to paragraph 5 of the Complaint, Standard is informed that Dr. Lewandowski was involved in a motor vehicle accident on or about July 28, 2005.  Other than as averred, Standard denies each and every allegation in paragraph 5.

6.  In response to paragraph 6 of the Complaint, Standard avers that it paid benefits of approximately $20,000 to Dr. Lewandowski under a reservation of rights.  Other than as averred, Standard denies each and every allegation in Paragraph 7.

7.  In response to paragraph 7 of the Complaint, Standard avers that it paid benefits of approximately $20,000 to Dr. Lewandowski under a reservation of rights, and that the terms of the Policy speak for themselves.  Other than as averred, Standard denies each and every allegation in Paragraph 7.

8.  In response to paragraph 8 of the Complaint, Standard denies each and every allegation therein.

9.  In response to paragraph 9 of the Complaint, Standard asserts that the paragraph does not contain factual allegations and therefore does not require a response.

10.  In response to paragraph 10 of the Complaint, Standard denies each and every allegation therein.  To the extent a response is required, Standard avers that it issued a policy to provide business overhead expense insurance to plaintiff.  Other than as averred, Standard denies each and every allegation in paragraph 10.

11.  In response to paragraph 11 of the Complaint, Standard denies each an every allegation therein, including each subpart to paragraph 11.

12.  In response to paragraph 12 of the Complaint, Standard denies each and every allegation therein.

13.  In response to paragraph 13 of the Complaint, Standard denies each and every allegation therein.

14.  In response to paragraph 14 of the Complaint, Standard denies each and every allegation therein.

15.  In response to paragraph 15 of the Complaint, Standard denies each and every allegation therein.

16.  In response to paragraph 16 of the Complaint, Standard denies each and every allegation therein.

17.  In response to paragraph 17 of the Complaint, Standard denies each and every allegation therein.

18.  In response to paragraph 18 of the Complaint, Standard denies each and every allegation therein.

19.  In response to paragraph 19 of the Complaint, Standard denies each and every allegation therein.

20.  In response to paragraph 20 of the Complaint, Standard denies each and every allegation therein.

21.  In response to paragraph 21 of the Complaint, Standard denies each and every allegation therein.

22.  In response to paragraph 22 of the Complaint, Standard denies each and every allegation therein.

23.  In response to paragraph 23 of the Complaint, Standard denies each and every allegation therein.

24.  In response to paragraph 24 of the Complaint, Standard denies each and every allegation therein.

25.  In response to paragraph 25 of the Complaint, Standard denies each and every allegation therein.

26.  In response to paragraph 26 of the Complaint, Standard denies each and every allegation therein.

27.  Other than as specifically admitted or averred herein, Standard denies the allegations of the Complaint, and denies that Plaintiff is entitled to the requested relief, or any relief.

**FIRST DEFENSE**

**(Failure to state a Cause of Action)**

The Complaint, and each claim for relief, fails to set forth facts sufficient to state a claim upon which relief may be granted against Standard and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or any other relief whatsoever from Standard.

**SECOND DEFENSE**

**(Estoppel)**

Plaintiff is not entitled to benefits under the terms and conditions of the Policy and Standard is informed and believes that Plaintiff was informed of any rights and claims that she may have against it. Plaintiff conducted herself in such a way as to lead Standard to believe that she relinquished any rights she had against it and Standard has relied upon this conduct to its detriment. Plaintiff, therefore, is estopped from seeking damages or other relief based upon the allegations of the Complaint.

**THIRD DEFENSE**

**(Waiver)**

Standard is informed and believes that, at all times relevant to the matters alleged in the Complaint, Plaintiff was fully informed of the alleged rights she now asserts. Plaintiff has acted in a manner inconsistent with those rights and, accordingly, has waived the claims she now asserts.

**FOURTH DEFENSE**

**(Exclusions and limitations of coverage)**

Plaintiff's recovery, if any, is limited by the terms and conditions of the Policy, including exclusions and limitations of coverage.

**FIFTH DEFENSE**

**(Discharge of Obligations/ Unjust Enrichment)**

Standard has performed all obligations required by the Policy. Plaintiff is not entitled to any further payment pursuant to the Policy and the payment of any further amount, as demanded by the Plaintiff, would amount to a windfall and unjust enrichment.

Standard's Answer and Defenses to Plaintiff's
Complaint; Case No. C08-00874 EDL

**SIXTH DEFENSE**

**(Contributory/Comparative Fault)**

Standard is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Standard.

**SEVENTH DEFENSE**

**(Mitigation of Damages)**

Standard is informed and believes that Plaintiff has failed to mitigate her damages, if any.

**EIGHTH DEFENSE**

**(Punitive Damages; Constitutionality of Punitive Damages)**

Plaintiff is not entitled to an award of punitive damages insofar as that award would violate Standard's rights under the United States Constitution, the California Constitution and/or State and Federal law, including but not limited to Standard's due process rights.

**NINTH DEFENSE**

**(Right to assert additional defenses)**

Standard reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE,  Standard prays as follows:

1.  That Plaintiff take nothing by virtue of the Complaint herein;

2.  That the Complaint in its entirety be dismissed, with prejudice;

3.  For costs of suit and attorneys' fees herein incurred; and

Standard's Answer and Defenses to Plaintiff's
Complaint; Case No. C08-00874 EDL

1        4.  For such other and further relief as the Court may deem just and proper.

2

3    Dated:  April 29, 2008                   Respectfully submitted,

4                                           JONES DAY

5                                           By:  /s/ Amanda M. Ose
                                               Amanda M. Ose

6                                           Attorneys for Defendant
                                       STANDARD INSURANCE COMPANY

7

8    SFI-582560v1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Standard's Answer and Defenses to Plaintiff's
Complaint; Case No. C08-00874 EDL