1  Laurence F. Padway (SBN 083914)
   Gayle Godfrey Codiga (SBN 114715)
2  LAW OFFICES OF LAURENCE F. PADWAY
   1516 Oak Street, Suite 109
3  Alameda, CA 94501
   Telephone:   (510) 814-6100
4  Facsimile:   (510) 814-0650

5  Attorneys for Plaintiff
   MARIE LEWANDOWSKI
6
   Shawn Hanson (State Bar No. 109321)
7  shanson@jonesday.com
   Katherine S. Ritchey (State Bar No. 178409)
8  ksritchey@jonesday.com
   Amanda M. Ose (State Bar No. 251757)
9  aose@jonesday.com
   JONES DAY
10 555 California Street, 26th Floor
   San Francisco, CA  94104
11 Telephone:   (415) 626-3939
   Facsimile:   (415) 875-5700
12
   Attorneys for Defendant
13 STANDARD INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE A. LEWANDOWSKI,<br><br>    Plaintiff,<br><br>v.<br><br>THE STANDARD INSURANCE COMPANY<br><br>    Defendant. | CASE NO. C08-00874 EDL<br><br>**JOINT CASE MANAGEMENT STATEMENT AND (PROPOSED) ORDER**<br><br>DATE: May 13, 2008<br>TIME: 10:00 am<br>JUDGE: Elizabeth D. Laporte<br>DEPT.: Courtroom E, 15th Floor |

Pursuant to Local Rule 16-9 and Federal Rule of Civil Procedure 26(f), Plaintiff Marie Lewandowski, MD ("Plaintiff") and Defendant Standard Insurance Company ("Defendant") respectfully submit this Joint Case Management Statement in connection with the Case Management Conference currently scheduled for May 13, 2008.

SFI-583207v1

Joint Case Management Statement and
[Proposed] Order; Case No. C08-00874 EDL

1. **JURISDICTION AND SERVICE**

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). All parties have been served at this point.

2. **FACTS**

Plaintiff purchased a business overhead expense insurance policy from Defendant in 1997. Plaintiff paid premiums under the insurance policy until she ceased work on or about July 28, 2005. Defendant Standard paid Plaintiff approximately $20,000 under a reservation of rights. Defendant denied the claim and did not request reimbursement of the approximately $20,000 paid under the reservation of rights. In this lawsuit, Plaintiff alleges claims for breach of contract, bad faith and intentional infliction of emotional distress and seeks benefits of approximately $120,000, general damages of $500,000 and exemplary damages of $1,000,000. Defendant denies that Plaintiff is entitled to any payment under the policy and denies that its conduct was wrongful.

3. **Legal Issues**

The primary legal issues are whether Plaintiff was entitled to benefits under the terms of the Policy and whether Defendant committed breach of contract, bad faith, or intentional infliction of emotional distress.

4. **Motions**

Plaintiff and Defendant anticipate filing motions for summary judgment concerning one or more of the above-referenced issues.

5. **Amendment of Pleadings**

The parties do not currently anticipate amendment of the pleadings.

6. **Evidence Preservation**

The Parties have taken steps to preserve evidence relevant to the issues reasonably evident

in this action since the filing of the complaint.

7. **Disclosures**

The parties do not currently believe any changes to the timing, form or requirements for disclosures under Rule 26(a) are necessary and intend to make disclosures within the time frame required by Rule 26.

8. **Discovery**

The parties request that discovery be completed, as follows:

| | |
|---|---|
| Disclosure of fact witnesses and completion of fact discovery: | November 15, 2008 |
| Disclosure of expert witnesses: | November 30, 2008 |
| Completion of discovery from experts: | January 30, 2009 |

9. **Class Actions**

Not applicable.

10. **Related Cases**

This case is not related to any other case pending in this district, including the bankruptcy courts in this district.

11. **Relief**

Plaintiff seeks business overhead expense benefits due to a disability based upon a date of disability of July 28, 2005. Benefits were paid from October 27, 2005 to February 28, 2006 under a reservation of rights. Plaintiff seeks additional benefits from March 1, 2006 at $5,000 a month until a total of $120,000 benefits paid. Plaintiff seeks general damages in the amount of $500,000 and exemplary damages in the amount of $1,000,000.

12. **Settlement and ADR**

The parties believe that an early mediation is appropriate for this case, and have agreed to pursue ADR through a court-appointed mediator.

13. **Consent to a Magistrate Judge for All Purposes**

Defendant declined assignment of this case to a magistrate judge for all purposes.

14. **Other References**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**

The parties do not believe that the issues can be narrowed at this point.

16. **Expedited Schedule**

This case does not appear to be amenable to expedited scheduling.

17. **Scheduling**

The parties propose the following dates:

a) All discovery with the exception of discovery regarding expert witnesses, shall be completed on or before November 15, 2008

b) The parties shall disclose expert witnesses pursuant to FRCP 26(a)(2) on or before November 30, 2008

c) Completion of discovery from experts January 30, 2009

d) All potentially dispositive motions shall be filed on or before March 1, 2009

e) The parties respectfully request that the matter be set for trial on August 3, 2009 and the pretrial conference be set no less than 21 days before the trial date set by the Court.

18. **Trial**

Marie Lewandowski has requested a jury trial. The parties anticipate that trial will last 5-7 days.

19. **Disclosure of Non-party Interested Entities or Persons.**

The parties have filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-16 and do not know any non-party having an interest in this matter.

Respectfully submitted,

Dated: May 6, 2008

LAW OFFICES OF LAURENCE F. PADWAY

By: /s/ Gayle Godfrey Codiga
Gayle Godfrey Codiga

Attorneys for Plaintiff Marie Lewandowski

Dated: May 6, 2008

JONES DAY

By: /s/ Katherine S. Ritchey
Katherine S. Ritchey

Attorneys for Defendant Standard Insurance Company

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

IT IS SO ORDERED.

Dated: May 6, 2008

By: _____
The Hon. Elizabeth D. Laporte

United States Magistrate Judge, Northern District of California